```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
DAVID GORDON OPPENHEIMER,

                        Plaintiff,
                                                    ORDER
         - against –
                                               24 Civ. 9719 (NRB)
MANHATTAN REALTY GROUP SERVICES INC.
and FAHD ALLY,

                        Defendants.
----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**WHEREAS** plaintiff David Gordon Oppenheimer filed an amended complaint on January 16, 2025, bringing claims against defendants Manhattan Realty Group Services Inc. ("Manhattan Realty") and Fahd Ally ("Ally," collectively "defendants"), ECF No. 5; and

**WHEREAS** Rule 4(m) of the Federal Rules of Civil Procedure, as amended as of January 1, 2018, provides:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**WHEREAS** the deadline to serve defendants with the amended complaint is April 16, 2025; and

**WHEREAS** as of today's date, defendants have not been served with the amended complaint; and

**WHEREAS** plaintiff filed a motion for alternate service of

process and motion for extension of time to serve defendants, requesting leave to serve defendants by May 16, 2025 via email and text message, ECF No. 14; and

**WHEREAS** Rules 4(e), 4(h) of the Federal Rules of Civil Procedure provides for service of process on an individual and corporation in the United States according to the laws of the state where the district court is located; and

**WHEREAS** in New York, service of process on an individual may be effected by: (1) personal service; (2) delivery to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and mail; (3) service on an agent; or (4) so-called "nail and mail" service, N.Y. C.P.L.R. 308; and

**WHEREAS** in New York, service of process on a corporation specifies that service must be made by delivering the summons to designated individuals or officers, such as directors or authorized agents, depending on the type of entity being served, N.Y. C.P.L.R. 311; and

**WHEREAS** "service according to these traditional methods proves 'impracticable,' service may be made 'in such manner as the court, upon motion without notice, directs,'" Fortunato v. Chase Bank USA, N.A., No. 11 Civ. 6608 (JFK), 2012 WL 2086950, at *1 (S.D.N.Y. June 7, 2012) (citing N.Y. C.P.L.R. § 308(5)); see also

N.Y. C.P.L.R. § 311(b) (similar); and

**WHEREAS** "courts have allowed service by email . . . as additional methods of alternate service," Ferrarese v. Shaw, 164 F. Supp. 3d 361, 367 (E.D.N.Y. 2016); and

**WHEREAS** plaintiff's counsel has made multiple attempts to perfect service on defendants, ECF Nos. 14 ¶¶ 8-10, 16 ¶¶ 5-7, and has demonstrated that it is impracticable to serve the defendants by traditional methods of service, as described in N.Y. C.P.L.R. § 308; and

**WHEREAS** plaintiff's counsel searched New York Secretary of State records, LexisNexis Public Records, the New York State Occupational Licensing Management System, domainIQ, LinkedIn, Facebook, and Manhattan Realty's website to identify addresses associated with each defendant, ECF No. 16 ¶¶ 3-4; and

**WHEREAS** plaintiff's counsel identified 343 Lexington Avenue, Fifth Floor, New York City, New York, 10016 as the address for defendant Manhattan Realty, based on a review of Manhattan Realty's website and records of the New York Department of State, Division of Corporations, ECF No. 16 ¶ 4; and

**WHEREAS** plaintiff attempted service of defendant Manhattan Realty at 343 Lexington Avenue, Fifth Floor, New York City, New York, 10016 on January 22, 24, and 30, 2025 and was unsuccessful, ECF No. 14 ¶ 9(a); and

3

**WHEREAS** plaintiff attempted service of defendant Ally at 343 Lexington Avenue, Fifth Floor, New York City, New York, 10016 and was unsuccessful, ECF No. 14 ¶ 9(c); and

**WHEREAS** plaintiff's counsel identified 211 East 43rd Avenue, Suite 804, New York, New York, 10017 as an address associated with defendants Manhattan Realty Group and Ally, based on a review of their real estate license information on the New York Occupational Licensing Management System, ECF No. 16 ¶ 5; and

**WHEREAS** plaintiff attempted service of defendants at 211 East 43rd Avenue, Suite 804, New York, New York, 10017 and was unsuccessful, ECF No. 16 ¶ 5; and

**WHEREAS** plaintiff's counsel identified 1422 2nd Avenue, Apartment 2F, New York, New York, 10021-3312 as an address associated with defendant Ally, based on a review of LexisNexis Public Records, ECF No. 16 ¶ 6; and

**WHEREAS** plaintiff attempted service of defendant Ally at 1422 2nd Avenue, Apartment 2F, New York, New York, 10021-3312 on January 22 and 27, 2025 and was unsuccessful, ECF No. 14 ¶ 9(b); and

**WHEREAS** plaintiff's counsel identified 15011 122nd Street, South Ozone Park, New York, 11420 as an address associated with defendant Ally, based on a review of LexisNexis Public Records, ECF No. 16 ¶ 6; and

**WHEREAS** plaintiff attempted service of defendant Ally at

4

15011 122nd Street, South Ozone Park, New York, 11420 on February 5, 11, 12, and 19, 2025, and was unsuccessful, ECF No. 14 ¶ 9(d); and

**WHEREAS** plaintiff's counsel identified 12119 109th Avenue, South Ozone Park, New York 11420-1405 as an address associated with defendant Ally, based on a review of LexisNexis Public Records, ECF No. 16 ¶ 6; and

**WHEREAS** plaintiff attempted service of defendant Ally at 12119 109th Avenue, South Ozone Park, New York 11420-1405, and was unsuccessful, ECF No. 16 ¶ 6; and

**WHEREAS** plaintiff's counsel identified two addresses associated with the owner of defendant Manhattan Realty and service at both addresses were unsuccessful, ECF No. 16 ¶ 7; and

**WHEREAS** plaintiff's counsel identified one email address to contact defendant Manhattan Realty, info@mrgnyc.com, based on a review of defendant Manhattan Realty's website, ECF No. 16 ¶ 8; and

**WHEREAS** plaintiff's counsel identified three email addresses to contact the owner of defendant Manhattan Realty, elih@mrgnyc.com, zorem@aol.com, and ehalali@aol.com, based on a review of defendant Manhattan Realty's website, a domainIQ report, and a LexisNexis report, ECF No. 16 ¶ 8; and

**WHEREAS** plaintiff's counsel identified a phone number

associated with the owner of defendant Manhattan Realty, 646.209.3664, based on a review of defendant Manhattan Realty's website, ECF No. 16 ¶ 10; and

**WHEREAS** plaintiff's counsel identified three email addresses to contact defendant Ally, allyfahd@aol.com, allyfahd@gmail.com, and fahd@mrgnyc.com, based on a review of defendant Manhattan Realty's website and a LexisNexis report, ECF No. 16 ¶ 9; and

**WHEREAS** plaintiff's counsel identified a phone number associated with the defendant Ally, 718.704.8813, based on a review of defendant Manhattan Realty's website, ECF No. 16 ¶ 10; and

**WHEREAS** good cause exists for the relief plaintiff seeks; it is hereby

**ORDERED** that plaintiff's motion, ECF No. 14, is granted. Plaintiff has until May 16, 2025 to serve defendants. Plaintiff is granted leave to serve defendant Manhattan Realty Group through email at info@mrgnyc.com, elih@mrgnyc.com, zorem@aol.com, and ehalali@aol.com, and by text message to 646.209.3664. Plaintiff is granted leave to serve defendant Ally through email at allyfahd@aol.com, allyfahd@gmail.com, and fahd@mrgnyc.com, and by text message to 718.704.8813.

DATED:     April 4, 2025
           New York, New York

```
                    _____
                        NAOMI REICE BUCHWALD
                     UNITED STATES DISTRICT JUDGE
```